| | |
|---|---|
| **United States Bankruptcy Court**<br>**District Of New Jersey**<br>Caption In Compliance With D.N.J. LBR 9004-1<br><br>**DUANE MORRIS LLP**<br>**A Delaware Limited Liability Partnership**<br>Sommer L. Ross, Esq.<br>1940 Route 70 East, Suite 100<br>Cherry Hill, NJ 08003-2171<br>Telephone: (302) 657-4951<br>Email: SLRoss@duanemorris.com<br><br>and<br><br>Lawrence J. Kotler, Esq. (Admitted *Pro Hac Vice*)<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>Telephone: (215) 979-1514<br>Email: LJKotler@duanemorris.com<br><br>*Counsel for WFCM 2016-C34 Medical Office Buildings NJ NY FL, LLC* | |
| In Re:<br><br>Hajjar Business Holdings, LLC, *et al.*,[1]<br><br>    Debtors. | CHAPTER 11<br><br>CASE NO. 20-12465-JKS<br>(Jointly Administered) |

---

[1] The debtors in these cases are: HMOB of Jersey City Owner, LLC, Case No. 20-12557-JKS; Hajjar Medical Office Building of Jersey City, LLC, Case No. 20-12472-JKS; HMOB of Wayne Owner, LLC, Case No. 20-12550-JKS; Hajjar Medical Office Building of Wayne, LLC, Case No. 20-12464-JKS; HMOB of Roseland Owner, LLC, Case No. 20-12552-JKS; Hajjar Medical Office Building of Roseland, LLC, Case No. 20-12466-JKS; HMOB of New Brunswick Owner, LLC, Case No. 20-12549-JKS; Hajjar Medical Office Building of New Brunswick, LLC, Case No. 20-12476-JKS; HMOB of Oradell Owner, LLC, Case No. 20-12551-JKS; Hajjar Medical Office Building, LLC, Case No. 20-12470-JKS; HMOB of Carlstadt Owner, LLC, Case No. 20-12553-JKS; Hajjar Medical Office Building of Carlstadt, LLC, Case No. 20-12467-JKS; HMOB of Hackensack Office Owner, LLC, Case No. 20-12555-JKS; Hajjar Medical Office Building of Hackensack, LLC, Case No. 20-12471-JKS; HMOB of Hackensack Warehouse Owner, LLC, Case No. 20-12556-JKS; Hajjar Warehouse of Hackensack, LLC, Case No. 20-12473-JKS; HMOB of Fair Lawn Owner, LLC, Case No. 20-12547-JKS; Hajjar Medical Office Building of Fairlawn, LLC, Case No. 20-12468-JKS; HMOB of Glen Rock Owner, LLC, Case No. 20-12545-JKS; Hajjar Medical Office Building of Glen Rock, LLC, Case No. 20-12469-JKS; HMOB of Fair Lawn 15-01 Broadway Owner, LLC, Case No. 20-12536-JKS; Hajjar Business Holdings, LLC, Case No. 20-12465-JKS; HMOB of Mt. Kisco Owner, LLC, Case No. 20-12540-JKS; Hajjar Medical Office Building of Mount Kisco, LLC, Case No. 20-12474-JKS; HMOB of Miramar Owner, LLC, Case No. 20-12543-JKS; and Hajjar Medical Office Building of Miramar, LLC, Case No. 20-12475-JKS.

DM3\8763363.2

### SECURED CREDITOR'S OBJECTION IN RESPONSE TO THE MONTHLY FEE STATEMENT OF McMANIMON, SCOTLAND & BAUMANN, LLC, COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR MAY 2022

WFCM 2016-C34 Medical Office Buildings NJ NY FL, LLC, a Delaware limited liability company (the "Secured Creditor"), as assignee of Wilmington Trust, N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016 C-34 Commercial Mortgage Pass-Through Certificates Series 2016 C-34 (the "Prior Secured Creditor"),[2] by and through its undersigned counsel, hereby files this *Objection* (this "Objection") to the *Monthly Fee Statement of McManimon, Scotland & Baumann, LLC, Counsel for Debtors and Debtors-in-Possession, for May 2022* [Docket No. 1085] (the "May 2022 Fee Statement") filed by McManimon, Scotland & Baumann, LLC ("MS&B"), in its capacity as counsel to the above-captioned debtors and debtors-in-possession (each a "Debtor," and collectively, the "Debtors"). In support of this Objection, Secured Creditor respectfully states as follows:

### PRELIMINARY STATEMENT

1.  The Interim Compensation Order authorizes MS&B to file monthly fee statements and, pursuant to certain conditions, pay itself from any funds held in the prepetition Retainer (defined below). As previously noted by Prior Secured Creditor, the Retainer has been depleted and the Debtors do not have any unencumbered assets that could fund payment of any approved

---

[2] On January 26, 2022, Secured Creditor filed its *Notice of Assignment of Loan Documents and Transfer of Claims* [Docket No. 903] (the "Transfer Notice") notifying the Court and all interested parties that Prior Secured Creditor has transferred to Secured Creditor: (i) all of Prior Secured Creditor's rights, interests and claims in, under, arising from, and otherwise related to, the Loan Documents (as defined in the proofs of claim filed by Prior Secured Creditor in these chapter 11 cases); and (ii) all of Prior Secured Creditor's claims filed against the Owner Debtors in these chapter 11 cases.

fees and expenses.[3] The Debtors' interim budgets also have not, and do not currently contemplate payment of any professional fees.[4]

2.  In light of the foregoing, and as described below, MS&B is not entitled to payment of any fees and expenses set forth in the May 2022 Fee Statement absent a further Order from the Court.

## RELEVANT FACTUAL BACKGROUND[5]

**A.  Incorporation of Relevant Factual Background Section Set Forth In Prior Secured Creditor's May 2020 Fee Statement Objection**

3.  Secured Creditor hereby incorporates, as though set forth in full herein, paragraphs 3 through 23 of Prior Secured Creditor's objection entitled *Secured Creditor's Objection in Response to the Monthly Fee Statement of McManimon, Scotland & Baumann, LLC, Counsel for Debtors and Debtors-in-Possession, for May 2020* [Docket No. 202] (the "May 2020 Fee Statement Objection").

**B.  MS&B's May 2022 Fee Statement**

4.  On June 7, 2022, MS&B filed the May 2022 Fee Statement.

5.  In the May 2022 Fee Statement, MS&B declares that it rendered services to the Debtors in the aggregate amount of $15,895.45 between May 1 and May 31, 2022, which amount consists of (i) $13,530.00 in fees, and (ii) $2,365.45 in expenses.

---

[3] This Court entered an order approving and authorizing the sale of the Wayne Property [Docket No. 253] (the "Wayne Sale Order"). Prior Secured Creditor agreed to a carve-out pursuant to the Wayne Sale Order in the amount of $125,000 to reimburse the Debtors' professionals. *See* Wayne Sale Order at p. 12. Secured Creditor has no objection to such carve-out funds being used to pay the professional fees asserted in the May 2022 Fee Statement to the extent that such funds have not already been applied and such fees have been approved by an order of this Court.

[4] For the avoidance of any doubt, Secured Creditor hereby reserves and preserves its rights to object to any and all further monthly fee statements filed by MS&B and to any interim and/or final fee applications filed by MS&B, including but not limited to the reasonableness of MS&B's fees.

[5] Capitalized terms not otherwise defined herein shall have the meaning set forth in the May 2020 Fee Statement Objection (as defined in Paragraph 3).

## OBJECTION

6. As noted in Prior Secured Creditor's prior filings, there are no funds in the Retainer left to pay MS&B *any* of the fees or expenses set forth in the May 2022 Fee Statement. As such, consistent with the Interim Compensation Order, absent a further order from the Court, MS&B is not entitled to the payment of any amounts set forth in the May 2022 Fee Statement.[6]

7. The Interim Compensation Order only allows payment of fees up to the amount of the Retainer and Secured Creditor does not consent to use of its cash collateral to pay MS&B fees. In fact, the Final Cash Collateral Order [Docket No. 979] and budget attached thereto does not provide for payment of any of MS&B's fees.

WHEREFORE, Secured Creditor respectfully: (i) requests that, consistent with the Interim Compensation Order, no amounts be paid to MS&B on account of the May 2022 Fee Statement absent a further order of the Court, and (ii) reserves and preserves its rights to object to any and all further monthly fee statements filed by MS&B and to any interim and/or final fee applications filed by MS&B.

Respectfully submitted,

Dated: June 23, 2022

*/s/ Sommer L. Ross*
DUANE MORRIS LLP
Sommer L. Ross, Esq. (NJ Bar No. 004112005)
1940 Route 70 East, Suite 100
Cherry Hill, NJ 08003-2171
Telephone: (302) 657-4951
Facsimile: (302) 657-4901
E-mail: slross@duanemorris.com

and

---

[6] *See* FN 2 *supra*. Secured Creditor has no objection to MS&B using carve-out funds received pursuant to the Wayne Sale Order to pay the fees asserted in the May 2022 Fee Statement to the extent that such carve-out funds have not already been applied and such fees have been approved by an order of this Court.

DM3\8763363.2

Lawrence J. Kotler, Esq. (Admitted *Pro Hac Vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1514
Facsimile: (215) 689-2746
E-mail: ljkotler@duanemorris.com

*Counsel for WFCM 2016-C34 Medical Office Buildings NJ NY FL, LLC*