# EXHIBIT A

**(Subpoena)**

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re
HAJJAR BUSINESS HOLDINGS, LLC et al.,
    Debtors.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:
LNR Partners, LLC
Attn: Melissa Vis
2340 Collin Avenue, Suite 700
Miami Beach, FL 33139
mvis@lnrpartners.com

Case No.  20-12465 (JKS)

Chapter  11

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | January 12, 2023 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects.

   See Exhibit A annexed hereto.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | January 5, 2023, by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Anthony Sodono, III | December 15, 2022 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Anthony Sodono, III and Sari B. Placona, Esq. (counsel to the Debtors)
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201, Roseland, NJ 07068
(973) 622-1800; splacona@msbnj.com

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

{00269114;v1}

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00269114;v1}

# EXHIBIT A

## SCHEDULE OF DOCUMENTS

1. Any and all internal communications, including but not limited to text messages, emails, minutes, video recordings, notes or documents including drafts between YOU and any employee of LNR Partners, LLC regarding the Debtors ("Debtors" as utilized in this request for Schedule of Documents shall mean all of the Hajjar entities since the inception of the loan on or about 2016).

2. Any and all communications, including but not limited to text messages, emails, notes, minutes, video recordings or documents including drafts regarding communications from Lynette Kelly and or Dr. John Hajjar and/or the Debtors to YOU or any LNR employee regarding sale of the Debtors' properties.

3. Any and all property condition or inspection reports related to the Debtors' properties.

4. Any and all appraisals for the Debtors' properties.

5. Any and all internal notes including drafts regarding the Debtors.

6. Any and all phase 1 environmental site assessments or any environmental assessments for the Debtors' properties for any period.

7. Any and all communications, including but not limited to text messages, emails, notes, minutes, video recordings or documents including drafts between YOU and any employee of LNR Partner, LLC and/or any of its subsidiaries regarding the Debtors.

8. Any and all communications, including but not limited to text messages, emails, notes, minutes, video recordings or documents including drafts between YOU and/or any employee of LNR Partners, LLC and potential purchasers of the Debtors' properties.

9. A copy of the Debtors' loan file/portfolio.

4889-4922-3748, v. 1